factors he felt to be relevant thereto. His response was properly admitted since his opinion was based upon his personal observation and examination of his patient and was within the realm of permissible expert medical testimony pursuant to Code § 38-1710. Cf. *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 472 (193 SE2d 860); *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (4) (140 SE2d 227).

2. Error is enumerated on a portion of the charge to the jury. However, it does not appear from the record that objection was made at the trial, and we find no substantial error harmful as a matter of law. Code Ann. § 70-207.

3. Plaintiff, pointing out that there was evidence of special damages totalling $2,413.41, contends that the verdict of $2,500 allowed only $86.59 for pain and suffering and is so inadequate that we should set it aside. However, the amount of damages was in controversy, and there is no merit in this contention. Code § 105-2015, *Kirkman v. Miller,* 116 Ga. App. 78 (2) (156 SE2d 558); *Pierson v. M & M Bus Co.,* 74 Ga. App. 537 (1) (40 SE2d 561); *Price v. Whitley Const. Co.,* 91 Ga. App. 257 (85 SE2d 528); *Welsh v. Fowler,* 124 Ga. App. 369, 373 (183 SE2d 574); *Maloy v. Dixon,* 127 Ga. App. 151, 164 (6) (193 SE2d 19) and cits.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1973 — DECIDED SEPTEMBER 27, 1973.

*James M. McDaniel,* for appellant.
*Neely, Freeman & Hawkins, J. Bruce Welch,* for appellees.


48546. DeLOACH v. MAURER.